**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**MARGUERITE J. QUINTANA,**

    **Plaintiff,**

vs.                                                                                                                    **Civil No. 09cv077 RLP**

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Marguerite J. Quintana. ("Plaintiff" herein) brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits ("DIB" herein). Plaintiff moves this court for Judgment reversing the decision of the Commissioner and remanding for additional proceedings, or alternatively, for an Order remanding the case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for the consideration of new evidence. (Docket No. 14). This matter has been fully briefed by the parties. For the reasons stated herein, Plaintiff's Motion is denied, and the decision of the Commissioner of Social Security denying her claim for benefits is affirmed.

**I.   Legal Standards**

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed[1], and (2) if the decision is supported by substantial evidence.[2]

---

[1] The Commissioner's decision will be reversed when he uses the wrong legal standards or fails to clearly demonstrate reliance on the correct legal standards. **Glass v. Shalala**, 43 F.3d 1392, 1395 (10th Cir. 1994).

[2] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." **Castellano v. Secretary of H.H.S.**, 26 F.3d 1027, 1028 (10th Cir. 1994). "The finding

See 42 U.S.C. §405(g); **Bernal v. Bowen,** 851 F.2d 297, 299 (10th Cir. 1988); **Williams v. Bowen,** 844 F.2d 748, 750 (10th Cir. 1988). In this review, this court must "meticulously examine the record and review it in its entirety. **Id.**

## II.     Procedural History

In order to qualify for DIB, an individual must show that she was disabled prior to the date she was last insured for benefits, which in this case is December 31, 1992. (Tr. 40).  42 U.S.C. §423 ©.  Plaintiff filed her application for DIB on April 28, 2005, alleging that she had become disabled as of December 31, 1990 due to dysthymia, post traumatic stress disorder and anxiety.  (Tr. 40, 44). Her application was denied on May 23, 2005.  (Tr. 31, 40).  She sought reconsideration, and her claim was again denied on July 7, 2005.  At that time she was advised:

> You said you were disabled because of dysthymic disorder, PTSD, blackouts, mood swings, depression and anxiety.
> The VA cannot locate your medical records prior to the year 2000.  We need to show you were disabled prior to the year 1992 and have been unable to do so.

(Tr. 37).

On or about August 31, 2005, Plaintiff requested a hearing before an administrative law judge ("ALJ" herein), and indicated that she would "attempt to obtain VA records prior to 12/31/92." (Tr. 35).   On October 19, 2005, the Department of Veterans Affairs, New Mexico VA Healthcare System wrote to the Social Security Administration stating:

---

of the (Commissioner) as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Substantial evidence is more than a scintilla but less than a preponderance. **Richardson v. Perales**, 402 U.S. 389, 401 (1971). Evidence is not substantial if it is overwhelmed by other evidence of record. **Williams v. Bowen**, 844 F.2d 748, 750 (10th Cir. 1988). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." **Lax v. Astrue**, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).  In determining whether substantial evidence exists, the Court does not review the issues *de novo*, **Sisco v. Dept. of H.H.S.**, 10 F.3d 739, 741 (10th Cir. 1993), reweigh the evidence or substitute its judgment for that of the Commissioner. **Glass v. Shalala**, 43 F.3d 1392, 1395 (10th Cir. 1994).  The Court's review will, however, involve a meticulous examination of the entire record. **Williams**, 844 F.2d at 750.

> We are in receipt of a request from Ms. Quintana to provide you with copies of her medical records from 1985 to 1992.  Our files indicate that she had multiple appointments from 1988 to 1990, primarily for Family Psychology.
> After 3 years of inactivity, VA medical records are archived to a Federal Records Center.  Our file room supervisor has done an extensive search for over a month, and has been unable to locate any of these archived records.  We are sorry we cannot give you a more favorable response.

(Tr. 111).

Plaintiff appeared at a hearing before an ALJ on February 26, 2007.  She indicated at that time that she elected to represent herself.  (Tr. 219).  The ALJ denied Plaintiff's claim in a written decision dated June 25, 2007.  (Tr. 15-21).

Plaintiff obtained counsel and sought review by the Appeals Council.  On October 6, 2008, Plaintiff's counsel provided the Appeals Council with additional records, consisting of a statement from her husband (Tr. 215-216), a chronological list of appointments she had at the Veterans Administration hospital from 1986-2000 (Tr. 209-211), and a form dated August 23, 2004, prepared by Plaintiff in connection with her claim for increased Veteran's disability benefits.  (Tr. 211-214).  No actual medical records were submitted to the Appeals Council, nor did Plaintiff or her counsel advise the Appeals Council that they were attempting to obtain records from the VA.  The Appeals Council declined review on December 8, 2008.  (Tr. 5).

### III.    Sequential evaluation process

The Commissioner utilizes a five-step sequential evaluation process in evaluating disability claims. The five steps are explained in detail in **Williams v. Bowen**,  844 F.2d at  750.  Step two of the sequential evaluation process determines whether a claimant has a medically severe impairment or combination of impairments, **Bowen v. Yuckert**, 482 U.S. 137, 140-141 (1987) and it based solely on medical factors.  Id. at 141.  It is permissible for an ALJ to deny benefits at step two by resort solely to the medical evidence.  Id. at 144.  If a claimant is determined to be disabled

or not disabled at any step, the evaluation process ends there. **Sorenson v. Bowen**, 888 F.2d 706, 710 (10th Cir.1989).

### IV.  The ALJ's decision

In denying Plaintiff's claim at step two of the five part the sequential evaluation process, the ALJ cited to the lack of objective medical evidence of a medically determinable impairment after Plaintiff's alleged date of onset but before the date she was last insured, December 31, 1990- December 31, 1992.  The ALJ also cited to the disability finding of the Veterans Administration, stating that it was consistent with her conclusion that Plaintiff was not 100% disabled as of her date last insured:

> I also note that the Department of Veterans Affairs increased the claimant's disability rating for her dysthymic disorder from 30% to 70% effective July 13, 2004.  (Referring to Tr. 102-109).   The record does not reflect when the claimant was initially approved for partial disability benefits from the Department of Veterans Affairs. The Social Security Administration disability program uses different criteria for finding an individual totally disabled, but the fact that the claimant was awarded only a 30% disability rating prior to July 2004 is consistent with my conclusion that she was not 100% disabled at any time before December 31, 1992.

(Tr. 21).

### V.  Medical and Vocational Evidence

Plaintiff was born on October 4, 1955.  (Tr. 44).  She completed the 10th grade, one year of college, and was trained as a hospital corpsman and EMT while in the U.S. Navy.  (Tr. 61).  A document submitted to the Appeals Council lists appointments for medical and psychological services she received at the Veterans Administration Hospital. (Tr. 208-210). For the relevant time period, the document indicates the following:

    1986:   5 appointments for Family Psychology GRP/DNP; 1 appointment for Fee Psych/PIK

    1987:   9 appointments for Family Psychology GRP/DNP;

  1988: 4 appointments for Family Psychology GRP/DNP; 1 appointment PSYCH PC Hochla IND/B1

  1989: 6 appointments for Family Psychology GRP/DNP; 1 appointment PSYCH PC Hochla IND/B1

  1990: 7 appointments for Family Psychology, 1 appointment with Dr. Snyder

All of these appointments predate Plaintiff's alleged date of onset of disability. Thereafter, Plaintiff was not seen at the VA until August of 2000, and Plaintiff confirmed that for several years she had no contact with the VA for services. (Tr. 232).

  When Plaintiff reestablished care at the VA on August 21, 2000, she stated that he had a past history of dysthymia, was on no medication, that she had occasional problems with depression which were not incapacitating, but which were exacerbated by being out in public. (Tr. 166). She was referred to a Women's psychoeducational PTSD group (Tr. 163), but attended only one session. (Tr. 148).

  The ALJ correctly noted that the record does not indicate when Plaintiff was first rated as partially disabled by the Veterans Administration. A treatment noted by Stephanie Fallon M.D. dated June 26, 2003, indicates that at that time, she had a 10% disability rating. (Tr. 148-149, see also Tr. 135, 127-128, 125).

  Plaintiff filed a claim for increased veteran's disability benefits on or about July 13, 2004. At that time her disability rating was listed as 30% due to dysthymic disorder.[3] (Tr.102). In a decision dated February 15, 2005, the Department of Veterans Affairs increased Plaintiff's disability rating to 70% effective as of the date of her claim for increased benefits, noting specifically that

---

[3]"A chronic disturbance of mood characterized by mild depression or loss of interest in usual activities." **Stedman's Medical Dictionary** (27th Ed. 2000).

"We have reviewed your VAMC treatment reports and we do not find that these reports show entitlement to an earlier effective date." (Tr. 105).

**VI.     Plaintiff is not entitled to Remand under sentence six of 42 U.S.C. §405(g) for the consideration of additional evidence.**

Plaintiff appended additional evidence to her brief filed in this court. This evidence consists of fifty pages of medical records from the Veterans Administration Hospital dating from July 1986 through March 1989, and a letter to Plaintiff from the Department of Veterans Affairs dated August 8, 2007, stating that they had done "more research" and had located the above referenced records. Plaintiff asks this court to remand this action pursuant to sentence six of 42 U.S.C. §405(g) to permit the Commissioner to consider this additional evidence.

A remand under sentence six is appropriate where a claimant can show that the evidence is new, that it is material and that there is good cause for failing to incorporate this evidence into the records in a prior proceeding.[4] **Shalala v. Schaefer**, 509 U.S. 292, 297 n. 2 (1993); **Longworth v. Comm'r**, 402 F.3d 591, 598 (6th Cir. 2005). Without reaching the issue of whether the additional evidence submitted to this court is new or material, I find that Plaintiff has failed to show good cause for not providing those records to the Appeals Council.

Correspondence from the Department of Veterans Affairs indicates that the records were available to Plaintiff within one week of August 8, 2007. (Docket No. 14, Ex. B). Council for

---

[4]Sentence six of 42 U.S.C. § 405(g) states, in relevant part, as follows:

**The court may**, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may **at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding**; . . . (emphasis added).

Plaintiff submitted argument and additional materials to the Appeals Council on Oct. 6, 2008. (Tr. 4, 8, 204-216). These additional materials did not include the medical records presented for the first time to this court, did not include the August 8, 2007 letter from the VA to Plaintiff stating that additional records had been located, and did not alert the Appeals Council that Plaintiff's counsel was in the process of obtaining the additional records from the VA.

Although Plaintiff's counsel state that they did not receive the additional VA records until a few days after the Appeals Council declined review, they have presented no explanation as to why the records could not have been obtained and submitted between August 8, 2007 and the date the Appeals Council declined review. Plaintiff has not established good cause for failure to present these records to the Appeals Council. **Rhodes v. Barnhart**, 117 Fed. Appx. 622, 2004 WL1966211, at *2 (10th Cir. 2004) (unpublished), **citing Cummings v. Sullivan**, 950 F.2d 494, 500 (7th Cir. 1991) (stating that §405(g) "require[s] good cause for a failure to submit new evidence to the ALJ and the Appeals Council."). Accordingly, Plaintiff is not entitled to a remand pursuant to Sentence 6 of 42 U.S.C. §405(g), nor will the additional records presented for the first time to this court be considered.[5]

## VII. Issues Raised.

Plaintiff raises two issues: Whether the ALJ fulfilled her duty to develop the record, and whether the ALJ was required to utilize a medical advisor to determine date of onset of disability.

### A. The ALJ fulfilled her duty to develop the record.

A claimant bears the burden of proving disability prior to the expiration of her insured status.

---

[5]Although for the purposes of this Memorandum Opinion and Order, I will not consider the content of additional medical records submitted by Plaintiff, I note that those records contain no evidence of medical, psychiatric or psychological care after March 26, 1989, almost two years prior to Plaintiff's alleged date of onset of disability.

**Hawkins v. Chater**, 113 F.3d 1162, 1164 (10th Cir.1997). Nonetheless, because a social security disability hearing is a nonadversarial proceeding, the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." **Henrie v. United States Dep't of Health & Human Servs**., 13 F.3d 359, 360-61 (10th Cir.1993); 20 C.F.R. §404.1512(a)-©, 1513, 1516. This duty includes the requirement that the ALJ develop a complete medical record by obtaining medical evidence from the twelve months prior to the date of plaintiff's application for benefits. 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 404.1512(d). The regulations also require the ALJ to develop Plaintiff's complete medical history for the twelve-month period prior to the month Plaintiff was last insured for disability insurance benefits. 20 C.F.R. § 404.1512(d)(2).

Plaintiff contends that the ALJ failed in this duty in two respects: First, by failing to obtain all medical records from the Veterans Administration; second, by failing to develop her hearing testimony with regard to her condition from the date of her alleged onset of disability to the date she was last insured for benefits.

I find that the ALJ complied with his duty to obtain Plaintiff's medical records. The ALJ did obtain records for the 12 months prior to the date Plaintiff filed her application for benefits, thereby fulfilling her obligation under 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 404.1512(d). A request for earlier VA medical records was made, and a reply was received stating that the records were not available. (Tr. 111). Without delving into the substance of the records Plaintiff has submitted to this court, I note that they include no medical records for the 12 month period prior to the month Plaintiff was last insured for benefits. The ALJ accordingly fulfilled her obligation under 20 C.F.R. § 404.1512(d)(2).

Plaintiff also argues that the ALJ failed to develop her hearing testimony concerning her functioning during the relevant period of December 1990, her date of alleged onset of disability,

8

to December 1992, the date she was last insured.  The ALJ specifically referred Plaintiff to the relevant time period:

> Q:    . . . [T]here are no medical records in here related to the period I'm looking at.  Your date last insured as far as Social Security is 1992.  And the medical records in this file are beyond that date.  They're newer than that.  So - -
>
> A:    I expect (sic, spent) a period of time away from everybody, away from the VA, away from any local services from the period 1988, I think, or until the nineties.  I was trying to find my son.  That was the only contact I think I made with any, any services or anybody.
>
> * * *
>
> Q:    I there anything else you want to tell me today?
>
> A:    I did tell you that in '86 or '87, I believe you might have history about it there.  That I was with Chapter 31?
>
> Q:    Right.

(Tr. 232-233).

Although the ALJ has a duty to develop the record, "it is not the ALJ's duty to become the claimant's advocate." **Henrie**, 13 F.3d at 361. The ALJ did inquire about Plaintiff's medical history during the relevant period.  He received the answer that Plaintiff did not seek any medical services during that period of time.

A claimant must provide medical evidence that he or she had an impairment and how severe it was during the time the claimant alleges he or she was disabled. 20 C.F.R. §404.1512©. The evidence that a claimant has an impairment must come from acceptable medical sources including licensed physicians or psychologists. 20 C.F.R. § 404.1513(a).  The record is devoid of such evidence.

I find that the ALJ fulfilled her duty to develop the testimonial record.

**B.     The ALJ was not required to call a medical advisor to determine date of onset.**

Plaintiff contends that the ALJ failed to follow correct legal principles because she did not employ the services of a medical advisor to determine the date of onset of Plaintiff's disability, thereby failing to follow Social Security Ruling 83-20, "Titles II and XVI: Onset of disability," 1983-1991, Soc. Sec. Rep. Serv. 49, 1983 WL 31249 ("SSR83-20" herein).[6]  Onset date is "the first day an individual is disabled as defined in the [Social Security] Act and the regulations." S.S.R. 83-20, at *1. Expert testimony is helpful where the ALJ has determined that the claimant eventually became disabled but there is some ambiguity about whether the onset of this disability occurred prior to the expiration of the claimant's insured status. **See Blea v. Barnhart**, 466 F.3d 903, 913 (10th Cir.2006).

Factors relevant to determining date of onset are the claimant's allegations, the date the claimant stopped worked and the medical evidence.  The first two factors are significant only if they are consistent with the medical evidence.  SSR 83-20, at *1.

The medical evidence is not ambiguous.  The record indicates that from 1986 through 1990, Plaintiff participated in several family counseling sessions, plus individual counseling sessions that occurred less than once per year.  (Tr. 208-210).  Plaintiff then sought no psychiatric or psychological care for a period of ten years.  When she reestablished care at the VA in 2000, she stated that she had been diagnosed with dysthymia in the past, was on no medication, that she had occasional problems with depression which were not incapacitating, but which were exacerbated by being out in public.  (Tr. 166).

I find that SSR 83-20 does not apply, and the ALJ was not required to call a medical advisor to determine date of onset of disability.

---

[6]Social Security Rulings are binding on an ALJ. **Nielson v. Sullivan**, 992 F.2d 1118, 1121-1122 (10th Cir. 1993).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse and Remand for Rehearing (Doc. No. 14) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision to deny Plaintiff's application for social security benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Richard L. Puglisi
Chief United States Magistrate Judge
(sitting by designation)